IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RANDALL C. HALL, <br><br> Plaintiff, <br><br> v. <br><br> SHEILA HOINESS, et al. <br><br> Defendants. | Case No. 3:24-cv-50531 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Randall Hall has brought his siblings, Sheila Hoiness, Roland Hall, Richard Hall, Sarah Hall, and Sally Butler, as well as his sister-in-law Rosemary Hall, before this Court on allegations ranging from violations of the Illinois Trust Code to breach of fiduciary duty, conspiracy, and intentional interference with an inheritance. The Court dismissed Plaintiff's initial complaint [1] without prejudice for failing to comply with Fed. R. Civ. P. 8 [16], leading Plaintiff to submit an amended complaint [20].

Again citing Fed. R. Civ. P. 8, as well as Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants moved to dismiss the amended complaint [21] and [22]. For reasons echoing this Court's previous ruling dismissing the original complaint, the amended complaint is dismissed without prejudice.

I.   Background

Plaintiff's initial complaint encompassed 453 paragraphs across 79 pages. *See* Dkt. 1. As this Court explained in its prior order, a court may dismiss a complaint "if it is unduly long or if it is unintelligible." Dkt. 16; *Davis v. Anderson*, 718 Fed. Appx. 420, 423 (7th Cir. 2017); *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013); *U.S. ex rel. Garst v. Lockheed-Martin, Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

In his attempt to cure this violation, Plaintiff filed an amended complaint, removing some—though certainly not all—of its indecipherable and at times rambling recount, and reducing its overall length to 322 paragraphs spanning 59 pages. *See* Amended Complaint, Dkt. 20. Further cluttering the paper trail, Plaintiff's Response to Defendants' Motions to Dismiss weighs in at 30 pages plus a five-page exhibit, doubling the 15 pages Local Rule 7.1 allows.[1] *See* Dkt. 24.

Plaintiff's amended complaint provides a confusing and typo-riddled tale of over 100 years of family history. Defendants again argue that it violates Fed. R. Civ. P. 8(a) and is worthy of a second dismissal. *See* Defendants' Motions to Dismiss, Dkt. 21 and 22. As was the case the first time this Court issued a ruling on this matter, they are correct.

---

[1] Plaintiff's attempt to cure this violation by seeking leave to exceed the page limit on page 28 of its own response exceeding the limit, and ignoring the requirements for a Table of Contents and Table of Cases, is ineffective. *See* Plaintiff's Response at ¶ 66; *see also* N.D. Ill. R. 7.1: "… without *prior* approval of the court." (emphasis added).

## II.     Legal Standard & Analysis

Fed. R. Civ. P. 8(a) requires a "short and plain statement." To date, nothing short nor plain has been submitted by Plaintiff. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

This Court declines to fish the amended complaint for a gold coin today. Rather than ask litigants and court staff alike to wade through a litany of documents and decades of family feud in search of the gist of Plaintiff's claims, the Court allows Plaintiff one more try. The Rules require *short* and *plain*.

This case is not a complex RICO matter requiring verbosity. *See, e.g., Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 776 (7th Cir. 1994); *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990). Nor does it—at least facially—require the additional particularity of pleading a special matter such as fraud or mistake. *See* Fed. R. Civ. P. 9(b). Even if it did require particularity, the amended complaint remains both too lengthy and too incomprehensible. *See Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (describing Fed. R. Civ. P 9(b) as requiring "the who, what, when, where, and how: the first paragraph of any newspaper story.").

Although there is no magic number to how few paragraphs or pages a complaint must be to satisfy Fed. R. Civ. P. 8, the Court has confidence in Plaintiff's ability to whittle down further, to a more digestible and understandable version of

events that complies with Rule 8. If Plaintiff is unable to do so, Plaintiff is warned that the next dismissal will be with prejudice. *See Vicom* at 776; *Garst* at 378-79; and *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (finding that "dismissal of a complaint on the ground that it is unintelligible is unexceptionable.").

### III. Conclusion

Plaintiff's amended complaint [20] is dismissed without prejudice. Defendants' motions to dismiss [21] and [22] are denied as moot.

Entered: September 18, 2025        By: _____
                                       Iain D. Johnston
                                       U.S. District Judge